UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE E. WILLIAMS,<br><br>    Plaintiff<br><br>v.<br><br>RYALS, et. al.,<br><br>    Defendants | Case No.: 3:21-cv-00133-MMD -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 21 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Partial Motion for Judgment on the Pleadings as to the official capacity damages claims. (ECF No. 21.) Plaintiff did not oppose this motion.

After a thorough review, it is recommended that the motion be denied without prejudice.

**I. BACKGROUND**

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections (NDOC), however, the events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF), presumably as a pretrial detainee. Plaintiff is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 7.)

The court screened Plaintiff's SAC and allowed him to proceed with an excessive force claim against defendants Deputy Wueper, Deputy Santos and Deputy Reza. The claim is based on allegations that Deputies Wueper and Santos unnecessarily deployed pepper spray against

him, and he subsequently had abnormal x-rays and fluid in his lung. He alleges that Deputy Reza filmed the incident without intervening. (ECF No. 10.)

Defendants have filed a partial motion for judgment on the pleadings, asserting that Plaintiff cannot proceed with his official capacity damages claims against them.

## II. LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). Judgment on the pleadings is limited to material included in the pleadings, as well as documents attached to the complaint, documents incorporated by reference and matters of judicial notice, unless the court elects to convert the motion to one for summary judgment. *Yakima Valley Mem'l Hosp. v. Dep't of Health*, 654 F.3d 919, 925 n. 6 (9th Cir. 2011). The court must accept as true the facts pled by the non-movant, and will construe the pleadings in the light most favorable to the non-moving party. *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011); *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998).). "A Rule 12(c) motion for judgment on the pleadings is properly granted only when, 'taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Herrera v. Zumiez, Inc.,* 953 F.3d 1063, 1068 (9th Cir. 2020) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999)); *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

## III. DISCUSSION

"[F]ederal courts are barred by the Eleventh Amendment from awarding damages against *state* officials acting in their official capacities[.]" *Snow v. McDaniel*, 681 F.3d 978, 991 (9th Cir. 2012) (citing *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914 918 (9th Cir. 2003)), *overruled on other grounds in Peralta v. Dillard,* 744 F.3d 1076 (9th Cir. 2014).

2

Here, Plaintiff has sued three deputies of the Washoe County Sheriff's Office for conduct that occurred while they were working at the WCDF. The instant suit is against county actors, and not state actors; therefore, Eleventh Amendment immunity ordinarily does not apply. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, n. 54 (1978). When local government units are considered part of the state, they can be entitled to Eleventh Amendment immunity. *See Monell*, 436 U.S. at n. 54; *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Courts analyze whether an officer is a state or county official "by looking to state law to determine whether the particular acts the official is alleged to have committed fall within the range of the official's state or county functions." *Botello v. Gammick*, 413 F.3d 971, 979 (9th Cir. 2005) (citing *Weiner v. San Diego County*, 210 F.3d 1025, 1028-29 (9th Cir. 2000), *discussing McMillan v. Monroe County*, 520 U.S. 781, 785-86 (1997).

The court cannot determine from the allegations of the complaint whether the Washoe County Sheriff's deputies were acting on behalf of the county or the state. If the latter, they would be entitled to Eleventh Amendment immunity from suit for damages in their official capacities. Therefore, Defendants' motion for judgment on the pleadings should be denied, but the denial should be without prejudice so that Defendants may raise the argument again in a properly supported motion for summary judgment.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Defendants' motion for partial judgment on the pleadings **WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

3

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 20, 2022

_____
William G. Cobb
United States Magistrate Judge