# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TERRANCE E. WILLIAMS,

    Plaintiff

v.

RYALS, et. al.,

    Defendants

Case No.: 3:21-cv-00133-MMD -WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 22

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Reza's Motion for Summary Judgment. (ECF Nos. 22, supplement at ECF No. 25.) Plaintiff filed a response. (ECF No. 27.) Defendant Reza filed a reply brief. (ECF No. 28.)

After a thorough review, it is recommended that Reza's motion be denied.

## I. BACKGROUND

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections (NDOC), however, the events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF), presumably as a pretrial detainee. Plaintiff is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 7.)

The court screened Plaintiff's SAC and allowed him to proceed with an excessive force claim against defendants Deputy Wueper, Deputy Santos and Deputy Reza. The claim is based on allegations that Deputies Wueper and Santos unnecessarily deployed pepper spray against

him, and he subsequently had abnormal x-rays and fluid in his lung. He alleges that Deputy Reza filmed the incident without intervening. (ECF No. 10.)

Defendant Reza, a Washoe County Sheriff's Deputy, moves for summary judgment, asserting she is entitled to qualified immunity. She asserts that existing law was not established that she should have left her post of filming the incident to intervene in the cell extraction.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

*Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

1  (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment

2  by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475

3  U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

4  pleadings and set forth specific facts by producing competent evidence that shows a genuine

5  dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

6  ### III. DISCUSSION

7  "In evaluating a grant of qualified immunity, a court considers whether (1) the state

8  actor's conduct violated a constitutional right and (2) the right was clearly established at the time

9  of the alleged misconduct." *Gordon v. County of Orange*, 6 F.4th 961, 967-68 (9th Cir. 2021)

10  (citing *Saucier v. Katz,* 533 U.S. 194, 200-01 (2001), *overruled in part by Pearson v. Callahan*,

11  555 U.S. 223 (2009)).

12  "Whether a constitutional right is clearly established is a question of law for the court to

13  decide." *Id.*  (citing *Elder v. Holloway,* 510 U.S. 510, 511 (1994); *Morales v. Fry*, 873 F.3d 817,

14  825 (9th Cir. 2017)). "For a constitutional right to be clearly established, a court must define the

15  right at issue with 'specificity' and 'not … at a high level of generality.'" *Id*. (quoting *City of

16  Escondido v. Emmons*, 139 S.Ct. 500, 503 (2019) (per curiam)). "'[A] court must ask whether it

17  would have been clear to a reasonable officer that the alleged conduct was unlawful in the

18  situation confronted.'" *Id*. at 969 (quoting *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1867 (2017)).

19  "'While there does not have to be a case directly on point, existing precedent must place the

20  lawfulness of the particular [action] beyond debate,'" and must "'squarely govern[ ]' the specific

21  facts at issue[.]" *Id*. (citations omitted).

22  "The plaintiff 'bears the burden of showing that the rights allegedly violated were clearly

23  established.'" *Id*. (quoting *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir.

2017)).  "However, because resolving whether the asserted federal right was clearly established presents a pure question of law, we draw on our 'full knowledge' of relevant precedent rather than restricting our review to cases identified by the plaintiff." *Id*. (citing *Elder*, 510 U.S. at 516).

Defendant Reza acknowledges that a failure to intervene in an unconstitutional use of excessive force is clearly established: "a court reviewing a failure to intervene claim looks to whether an officer perceived excessive force by a fellow officer, had the ability to intervene, yet failed to physically do so or verbally order the offending officer to stop." (ECF No. 22 at 5, citing *M.H. v. City of Alameda*, 62 F.Supp.3d 1049, 1093 (N.D. cal. 2014) (discussing the elements for failure to intervene claim under *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003)). Reza argues, however, that Nevada law requires a cell extraction to be filmed, and existing case law did not tell Reza that she needed to abandon her filming to intervene in the cell extraction. Reza also asserts she was physically incapable of intervening because she was across the room filming. In addition, she contends that the potential use of pepper spray is not illegal and there is no allegation that Reza knew the pepper spray would be discharged.

Plaintiff contends that Reza could have used a verbal command to halt the attack on Plaintiff. He contends that there was a point in time where the meal food service tray was surrendered and Reza could have intervened. He further argues that after the pepper spray mist was deployed, she could have intervened to prevent the deployment of the pepper spray bombs.

It is clearly established that a prison official can violate a prisoner's rights by failing to intervene. *See Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir. 2000) ("officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen"); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (citing *Del Raine v. Williford,* 32 F.3d 1024, 1038 (7th Cir. 1994); *Buckner v. Hollins,* 983 F.2d 119, 123 (8th Cir. 1993)).

"[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham* 229 F.3d at 1289.

Reza does not provide an affidavit or declaration stating that she did not have an opportunity to intervene or how far away from Plaintiff she was to support the argument that she was "physically incapable of intervening." Plaintiff also does not provide a declaration, but in his response, which is consistent with his verified SAC, Plaintiff asserts that the food service tray had been returned and there was no reason for the use of pepper spray. In addition, he contends that after the pepper spray mist was deployed, Reza had an opportunity to at least give a verbal command to stop before the pepper spray bombs were deployed.

The court finds there is genuine dispute of material fact as to whether Reza could have intervened. Taking the facts in the light most favorable to Plaintiff, a fact finder could conclude that Reza violated Plaintiff's rights. Under these circumstances, the court cannot find Reza is entitled to qualified immunity. *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009); *Robins*, 60 F.3d at 1440-41 (defendant officers not entitled to qualified immunity because there was a triable issue of material fact).

Nor is the court convinced that being assigned the role of filming a cell extraction automatically insulates a defendant from liability, as Reza suggests.

For these reasons, Reza's motion for summary judgment should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Reza's motion for summary judgment (ECF No. 22).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 20, 2022

William G. Cobb
United States Magistrate Judge