UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE E. WILLIAMS,

    Plaintiff

v.

RYALS, et al.,

    Defendants

Case No.: 3:21-cv-00133-MMD-CSD

**Order**

Re: ECF Nos. 42, 45, 47

Plaintiff has filed an objection to the production of his complete medical file. (ECF No. 42.) Defendants filed a response. (ECF Nos. 45, 45-1 to 45-14, amended response at ECF Nos. 47, 47-1 to 47-15.)

## I. BACKGROUND

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections (NDOC), however, the events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF), presumably as a pretrial detainee. Plaintiff is proceeding pro se with this action pursuant to 42 U.S.C. § 1983.

The court screened Plaintiff's Second Amended Complaint (SAC) and allowed him to proceed with an excessive force claim against defendants Deputy Wueper, Deputy Santos, and Deputy Reza. The claim is based on allegations that Deputies Wueper and Santos deployed pepper spray against him, and he subsequently had abnormal x-rays and fluid in his lung. He alleges that Deputy Reza filmed the incident without intervening.

On January 27, 2022, Plaintiff filed a document advising the court that he received a letter from Defendants' counsel, Keith G. Munro, on December 17, 2021, requesting Plaintiff's

complete medical file. Plaintiff objects to the full contents of his medical file being accessed by Defendants, when the part of the file that is relevant is a chest x-ray that was produced on June 9, 2021.

Defendants filed a response and amended response to Plaintiff's objection to producing his entire medical file. (ECF Nos. 45, 47.) Defendants requested a copy of Plaintiff's complete medical file in discovery. (ECF No. 45-1 at 3.) Plaintiff did not respond. On January 12, 2022, Mr. Munro sent Plaintiff a letter, asking for the responsive documents by January 26, 2022, and advised Plaintiff that if the file was not received, Mr. Munro would move to compel production of the file. (ECF No. 45-6.) On January 20, 2022, Mr. Munro sent another letter stating that he had not received the discovery, and would move to compel the requested records. (ECF No. 45-7 at 2.) On January 24, 2022, Mr. Munro sent Plaintiff yet another letter, explaining why the medical records are relevant to this action. The letter enclosed a subpoena for the medical records, and asked Plaintiff to sign a release for his records, or Defendants would seek an order compelling their production. (ECF No. 45-8.)

Defendants argue that Plaintiff has mental health problems, and during the incident that is at issue in this litigation, he had stopped taking his mental health medication and was threatening staff with physical violence. As such, they contend that his health and his willingness or unwillingness to take his medication in custody are relevant to this litigation. They assert that before discovery closes, they will work with Plaintiff in hopes that he will produce a copy of his medical file (along with other discovery requested).

## II. DISCUSSION

A party from whom discovery is sought may move for a protective order, and the court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer … in an effort to resolve the dispute without court action." *Id.*

In addition, a party may move for an order compelling discovery if another party fails to respond to an interrogatory or to produce documents. Fed. R. Civ. P. 37(a)(1), (3)(B)(iii), (iv). A motion to compel must also include a certification that the moving party has engaged in a good faith effort to meet and confer in an effort to resolve the dispute without court intervention. *Id.*

Neither party has filed a motion to compel or motion for protective order; therefore, there is nothing for the court to act on at this point. To the extent that Plaintiff's objection could be construed as a motion for a protective order, Plaintiff has not included the required meet and confer declaration.

In any event, the parties are reminded that any party "may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1) (emphasis added). "Information within the scope of discovery need not be admissible to be discoverable." *Id.* The court has not received a motion briefing the issue of relevance of Plaintiff's complete medical file, but after reviewing Defendants' response to Plaintiff's objection, it is likely the court would find the medical file is relevant and discoverable.

Discovery motions will not be considered unless the moving party has made a good faith effort to meet and confer before filing the motion, and the motion must include a declaration setting forth the details and results of the meet and confer conference about each disputed discovery request. LR 26-6(c). There must be a sincere effort made to resolve or narrow the dispute. The meet and confer requirement may be satisfied through written communication in a

case involving an incarcerated individual appearing pro se, but the moving party must follow the requirements set forth in Local Rule IA 1-3(f) and Local Rule 26-6.

### III. CONCLUSION

To the extent Plaintiff's objection (ECF No. 42) can be construed as seeking a protective order, the request is **DENIED** as Plaintiff has not submitted the certification that he engaged in a good faith effort to resolve the dispute before filing his motion.

**IT IS SO ORDERED**.

Dated: February 8, 2022

_____
Craig S. Denney
United States Magistrate Judge