UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRANCE E. WILLIAMS, | Case No. 3:21-cv-00133-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| RYALS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Terrance E. Williams brings this action under 42 U.S.C. § 1983 against Defendants Wueper, Santos, and Reza for using excessive force against him while he was detained at Washoe County Detention Facility. (ECF No. 7.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb[1] (ECF No. 39, 40), recommending the Court deny Defendants' motion for partial judgment on the pleadings (ECF No. 21) without prejudice, and deny Defendant Reza's motion for summary judgment (ECF No. 22).[2] The parties had until February 3, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will deny both motions.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*

---

[1]Due to Judge Cobb's retirement, this case has been reassigned to U.S. Magistrate Judge Craig S. Denney.

[2]Also pending before the Court are Defendants' motions in limine (ECF Nos. 30, 36) and Defendant Santos's motion for summary judgment (ECF No. 43). The Court will rule on these motions in a separate order.

*v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb recommends the Court deny Reza and Santos's motion for partial judgment on the pleadings without prejudice.[3] (ECF No. 39 at 3-4.) Defendants argue that Ryals may not proceed with official capacity damages claims against them because such claims are barred by the Eleventh Amendment. (ECF No. 21 at 1.) Judge Cobb reasoned that because Defendants are county employees, not state employees, sovereign immunity does not necessarily bar Ryals' official capacity damages claims. (ECF No. 39 at 3.) Indeed, the Supreme Court expressly acknowledged that, for *Monell* liability purposes, "[s]tates are protected by the Eleventh Amendment while municipalities are not." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The Court must consider whether officers are acting as state or local government officers, which Judge Cobb reasoned was not immediately apparent from the pleadings. (ECF No. 39 at 3.) The Court agrees, and will therefore adopt the R&R and deny Defendants' motion for judgment on the official capacity issue without prejudice.

Judge Cobb further recommends denying Defendant Reza's motion for summary judgment.[4] (ECF No. 40.) Defendant argues that summary judgment is appropriate because she is entitled to qualified immunity. (ECF Nos. 22, 27.) There is no dispute that failure to intervene in a situation where a fellow officer is using excessive force is a clearly established constitutional violation. (ECF No. 40 at 5.) Ryals argues Defendant Reza

---

[3]Ryals did not file a response.

[4]Defendant Reza filed a supplement to his motion for summary judgment (ECF No. 25), Ryals responded (ECF No. 27), and Reza replied (ECF No. 28).

could have used a verbal command to stop her fellow officers from assaulting him or that Reza could have deescalated the situation before pepper bombs were deployed—in other words, that she could have intervened but chose not to. (ECF No. at 5-6.) Judge Cobb concluded that because Reza did not provide an affidavit or declaration stating she had no opportunity to intervene, there exists a genuine dispute of material fact as to whether she is entitled to qualified immunity.[5] (*Id.* at 6.) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 39, 40) is accepted and adopted in full.

It is further ordered that Defendants' motion for partial judgment on the pleadings (ECF No. 21) is denied without prejudice.

It is further ordered that Defendant Reza's motion for summary judgment (ECF No. 22) is denied.

DATED THIS 11th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Judge Cobb further noted that he was not convinced that "being assigned the role of filming a cell extraction automatically insulates a defendant from liability" for failing to intervene against excessive force. The Court agrees.

3