UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE E. WILLIAMS,

    Plaintiff

v.

RYALS, et al.,

    Defendants

Case No.: 3:21-cv-00133-ART-CSD

**Order**

Re: ECF No. 77

Plaintiff has filed a motion to strike Defendant Reza's motion for summary judgment as well as Exhibit 1 to that motion. (ECF No. 77.)

## I. Background

Plaintiff is an inmate within the custody of the Nevada Department of Corrections (NDOC); however, the events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF). Plaintiff is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The court screened Plaintiff's second amended complaint (SAC) and allowed him to proceed with an excessive force claim against defendants Deputy Wueper, Deputy Santos, and Deputy Reza. The claim is based on allegations that Deputies Wueper and Santos unnecessarily deployed pepper spray against him, and he subsequently had abnormal x-rays and fluid in his lung. He alleges that Deputy Reza filmed the incident without intervening. (ECF No. 10.)

## II. Discussion

**A. Legal Standard**

The court may strike "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Pleadings include a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders, a reply to an answer. Fed. R. Civ. P. 7(a). A pleading does not include a motion for summary judgment or an exhibit to a motion.

While Rule 12(f) authorizes the court to strike material from a *pleading*, it does not permit striking material contained in other documents filed with the court. Courts, however, have inherent power to control their dockets, *see Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627, F.3d 402, 404 (9th Cir. 2010), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted).

**B. Exhibit 1 to Reza's Motion for Summary Judgment**

Plaintiff argues that Exhibit 1 to the Reza's motion for summary judgment was already deemed irrelevant in connection with a motion to compel that was denied on March 15, 2022.

Defendants filed a motion to compel Plaintiff to produce his medical records from the Nevada Department of Corrections. (ECF No. 58.) Exhibit 1 to their motion was a copy of another lawsuit Plaintiff initiated by filing a request for injunctive relief, 3:22-cv-00048-RCJ-CLB. Plaintiff moved to strike that exhibit as irrelevant. (ECF No. 59.) In Defendants' reply brief in support of their motion to compel, they withdrew the motion to compel because the

records were being produced by NDOC. As such, the court denied the motion to compel and motion to strike as moot. (ECF No. 65.)

Exhibit 1 to Reza's motion for summary judgment (ECF No. 74-1) is another copy of Plaintiff's initiating documents in case 3:22-cv-00048-RCJ-CLB. Plaintiff argues that this is irrelevant to this action and should be stricken.

Plaintiff has not set forth a sufficient basis for striking this document. Instead, Plaintiff's recourse is to present an argument regarding the relevance of the document in his response to Reza's motion for summary judgment. Therefore, Plaintiff's motion to strike Exhibit 1 is denied.

**C. Reza's Second Motion for Summary Judgment**

Plaintiff further argues that Reza's entire second motion for summary judgment be denied and deemed repetitive and excessive because Reza's prior motion for summary judgment was previously denied.

Defendant Reza filed her first motion for summary judgment on October 15, 2021, arguing that she is entitled to qualified immunity. (ECF No. 22.) Magistrate Judge William G. Cobb issued a report and recommendation that the motion be denied. (ECF No. 40.) District Judge Miranda Du adopted the report and recommendation. (ECF No. 49.)

Defendant Reza filed a second motion for summary judgment on the merits of the failure to intervene claim asserted against her. (ECF No. 74.)

Local Rule 7-3 provides that a motion for summary judgment is limited to 30 pages, excluding exhibits. The rule cautions parties that they must not circumvent this rule by filing multiple motions. LR 7-3(a). Reza's first motion was 7 pages in length (excluding the certificate of service). (ECF No. 22.) Reza's second motion for summary judgment is 8 pages in length (excluding the certificate of service and exhibits). The court does not condone the filing of

successive motions for summary judgment. However, the arguments asserted here are on the merits of Plaintiff's claim against Reza, which was not previously asserted by Reza, and Reza has not exceeded the page limits cumulatively. Therefore, Plaintiff's motion to strike Reza's second motion for summary judgment is denied.

### III. Conclusion

Plaintiff's motion to strike Defendant Reza's motion for summary judgment as well as Exhibit 1 to that motion (ECF No. 77) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 5, 2022

_____
Craig S. Denney
United States Magistrate Judge