UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE E. WILLIAMS,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>RYALS, et. al.,<br><br>　　　　　　　　　Respondents. | Case No. 3:21-cv-00133-ART-CLB<br><br>ORDER |

　　　　Plaintiff Terrance Williams ("Williams") is an inmate in the custody of the Nevada department of Corrections ("NDOC"). The events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF) as a pretrial detainee. Plaintiff is proceeding *pro se* with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 7.) The Court screened Plaintiff's SAC and allowed him to proceed with an excessive force claim against defendants Deputies Wuepper, Santos, and Reza. The claim is based on allegations that Deputies Wuepper and Santos unnecessarily deployed pepper spray against him, and he subsequently had an abnormal x-ray revealing fluid in his lung. He further alleges that Deputy Reza filmed the incident without intervening. (ECF No. 10.)

　　　　Before the Court are Judge Denney's Report and Recommendations (R&R) (ECF Nos. 99; 112; 113) recommending that Santos', Wuepper's, and Reza's motions for summary judgment (ECF Nos. 43; 71; 74) be denied. Only Santos and Reza object to the R&Rs.[1]

　　　　Also pending before the Court are Williams' objections (ECF Nos. 83; 92) to Judge Denney's order (ECF N0. 82) denying his motion to strike (ECF Nos. 77)

---

[1] Initially Wuepper objected (ECF No. 114) but he withdrew his objection (ECF No. 123).

1

and Defendants' motions in limine (ECF Nos. 30; 36) seeking to introduce evidence of Williams' prior convictions at trial.

The Court adopts Judge Denney's R&Rs, overrules Williams' objections to Judge Denney's order denying his motion to strike, and denies without prejudice Defendants' motions in limine.

## I. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id*. Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations") (emphasis in original); FED. R. CIV. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

## II. Facts

When Plaintiff was a pretrial detainee at WCDF, and alone locked in his cell, deputies, including Defendant Wuepper, deployed pepper spray into his cell during a cell extraction while Defendant Reza filmed the incident and Defendant Santos stood by.

The following facts are taken from Judge Denney's R&Rs. (ECF Nos. 99; 112; 113.) The incident occurred on February 2, 2022, (Santos Aff., ECF No. 43-1), and started when Deputy Abina (not a defendant) had communications with Plaintiff about a commissary order that had not yet arrived. Abina explained to

Plaintiff that the commissary order may be returned because Plaintiff had recently moved from a different housing unit. According to Abina, Plaintiff began to curse and threaten that he would "choke [Abina] out" and to "just ask Deputy Gonzalez." Abina says Plaintiff was referring to a prior battery on Deputy Gonzalez in March of 2019. (Abina Aff., ECF No. 43-2.)

According to Santos, Plaintiff then refused to return his food tray and challenged deputies to retrieve the food tray, saying "Fuck you. If you want it, come and get it." Santos attempted to talk with Plaintiff, but was unsuccessful, and notified other deputies of the situation. (Santos Aff., ECF No. 43-1.) Deputy Ashby (not a defendant) responded to the housing unit for a report of an inmate who was refusing to return his food tray and was physically challenging deputies to retrieve the tray. Ashby and another deputy approached the cell to attempt to recover the food tray. Plaintiff refused. Ashby observed Plaintiff wrapping his limbs in bedsheets, which Ashby believed indicated that Plaintiff was preparing for a physical altercation. Ashby claims that he asked Plaintiff if he would hurt any of the deputies that entered the cell, and Plaintiff replied, "yes." As a result, Ashby concluded Plaintiff was a danger to himself and to deputies, and a decision was made to move Plaintiff to a new cell that allowed him to be more closely observed by staff.

Ashby prepared the Detention Response Team (DRT) to assist in the extraction to move Plaintiff to a new cell. Ashby states that he made the decision to use chemical agents in the extraction due to Plaintiff's threats toward staff and his observations that Plaintiff was preparing for a physical altercation. In Ashby's experience, extractions can be dangerous when chemical agents are not used to subdue a non-compliant inmate.

Ashby gave instructions to Plaintiff that he allow himself to be placed in restraints, and that a failure to follow the instructions would result in force being used, including chemical agents. Plaintiff refused to comply. Ashby spoke with

3

Sergeant Gamboa (not a defendant) to confirm Plaintiff should be removed from his cell, and when he received confirmation, Ashby initiated the use of chemical agents into Plaintiff's cell. Ashby states the chemical agents were used to subdue Plaintiff because he was a threat to himself and deputies if he was extracted in his agitated state. Plaintiff attempted to block the door and window with his mattress. (Ashby Aff., ECF No. 43-3; Gamboa Aff., ECF No. 43-4.) Defendant Wuepper assisted in deploying the chemical agents. Two cannisters of chemical agents were administered into Plaintiff's cell through the food slot. (Wuepper Aff., ECF No. 43-5.)

Santos and Reza did not actively deploy chemical agents but neither did they intervene. Santos did not make the decision to activate the DRT team. He did not take part in the decision to use chemical agents against Plaintiff. Santos did not deploy the chemical agents or participate in Plaintiff's extraction from his cell. Santos was present during the use of chemical agents and extraction. (Santos Aff., ECF No. 43-1.) Likewise, Reza, who was being trained at the time, was asked to get a video camera, and go to that unit and film the events occurring at Plaintiff's cell. She asserts that she was standing on the stairs, 15-20 feet away from Plaintiff's cell and maintains that she could not have physically intervened given the distance she was standing away Plaintiff's cell. (Reza Aff., ECF No. 74-12.) Reza appears be closer than that on the video.

Plaintiff asserts he was not an immediate threat to anyone. He returned the plastic food tray, yet chemical agents were still used against him when he was unarmed, defenseless and locked in a cell, and not a physical threat to anyone.

The video of the incident submitted by Santos, (ECF No. 43-6), shows the DRT team going to Plaintiff's cell. Plaintiff can be seen in the window of the cell and was told to give them the tray and "cuff up." Plaintiff was told if he did not follow the instructions, force would be used. Plaintiff complied and gave the tray

back. He was then told to back away from the food slot twice and was cautioned that if he did not follow instructions, force would be used against him, including chemical agents. Plaintiff was then told to lie down and face away from the door and put his hands at his sides. Plaintiff stood in the window of the cell holding what is later revealed to be the mattress from his cell against the door. Plaintiff was asked if he would follow the instructions, and Plaintiff put the mattress back up against the cell door and remained standing in the cell window. A cover was placed over the window by a deputy. It was briefly taken off while a deputy looked inside the cell. Chemical agents were then deployed into Plaintiff's cell. Plaintiff was instructed to lie down on the ground with his hands out to the sides, facing the back wall. The DRT team then entered Plaintiff's cell and Plaintiff was on the ground. Plaintiff was restrained and removed from the cell. Plaintiff can be heard coughing while he is being restrained.

## III. Legal standards

### A. Summary Judgment Standard

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To

1  defeat summary judgment, the nonmoving party must produce evidence of a
2  genuine dispute of material fact that could satisfy its burden at trial."). The Court
3  views the evidence and reasonable inferences in the light most favorable to the
4  non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920
5  (9th Cir. 2008).

### B.   Excessive Force Standard for a Pretrial Detainee

Williams maintains that his due process rights were violated when Defendant Wuepper used pepper spray against him, Defendant Reza filmed the incident, and Defendant Santos looked on without intervening. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395, n.10 (1989). In determining whether the force used against a pretrial detainee is excessive, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

"[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham*, 490 U.S. at 396). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

Among the considerations that may bear on the reasonableness or unreasonableness of the force used are the relationship between the need for force and the amount of force used; the extent of the plaintiff's injury; the officer's

effort to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.* (citing *Graham*, 490 U.S. at 396).

"Officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996). Officers can be liable for failing to intercede if they had an opportunity to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (officers did not have a realistic opportunity to intervene because they were not present at the time of the shooting). Liability for failure to intervene may extend to those who did not take affirmative action to contribute to the excessive force. *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (sergeant who observed deputies struggling with the plaintiff but failed to intervene was not entitled to summary judgment); *M.H. v. County of Alameda*, 62 F.Supp.3d 1049, 1093 (N.D. Cal. Apr. 11, 2014) (deputies who were present during the altercation and participated in the effort to control the plaintiff were not entitled to summary judgment).

Summary judgment in excessive force cases is "granted sparingly" because these cases nearly "always require[] a jury to sift through disputed factual contentions, and to draw inferences[.]" *Lolli*, 351 F.3d at 415-16 (citation and quotation marks omitted). "To defeat summary judgment, [the plaintiff] must show that a reasonable jury could have found that the officer's use of force was excessive." *Id.* (citation omitted).

**IV. Analysis**

**A. Defendant Santos**

Judge Denney correctly recommended the denial of summary judgment on the basis that there are disputed factual issues concerning whether the officers used excessive force and whether Santos should have intervened. A reasonable

jury could find it was objectively unreasonable to deploy two cannisters of chemical agents (pepper spray) into Plaintiff's cell after he had returned the food tray and was locked in a cell by himself. There is also a dispute of fact concerning the extent of his injuries. Whether Santos should have intervened depends on the jury's resolution of these factual issues.

Santos objects to the R&R on grounds that he was sued for unconstitutional use of excessive force, not failure to intervene. Santos points to the Screening Order (ECF No. 10), which allowed Plaintiff's claim against Santos to survive, and described it as an excessive force claim. (ECF No. 10). The surviving claim itself is worded more broadly than characterized in the Screening Order and alleges that Santos *assisted* in the SWAT weaponry deployment. (ECF No. 7.) While the Screening Order may have been imprecise, the excessive force claim against Santos is sufficiently broad to encompass the theory of failure to intervene. It also appears Santos suffers no legal prejudice by any perceived lack of notice because his motion for summary judgment (addressing deliberate indifference) was not responsive to either theory. (ECF No. 43.)

Now that Plaintiff's failure to intervene theory is clear, the Court will deny summary judgment and allow Santos 30 days from the date of this Order to file an appropriate substantive motion.

**B. Defendant Wuepper**

Judge Denney correctly recommended the denial of summary judgment to Defendant Wuepper because there are disputed factual issues concerning whether he used excessive force. Defendant Wuepper withdrew his objection to the R&R, (ECF No. 123).

**C. Defendant Reza**

The Court agrees with Judge Denney that there is a genuine dispute regarding whether there was an underlying constitutional violation, whether Reza knew there was a constitutional violation, and if so, whether Reza had a

reasonable opportunity to intervene. Reza argues that she did not have a reasonable opportunity to intervene in the alleged constitutional violation, she was not part of the decision to move Plaintiff from his cell, was training under Wuepper when that decision was made, and was required by law to film the incident. (ECF No. 115.) These arguments were already considered and rejected by Judge Denney. The Court adopts his analysis and finds that there remains a genuine dispute regarding whether there was an underlying constitutional violation, whether Reza knew there was a constitutional violation, and if so, whether Reza had a reasonable opportunity to intervene.

## V.     Motions in Limine

The Court denies without prejudice Defendants' motions in limine seeking to admit Williams' prior convictions. Defendants fail to address each conviction individually and support their motions with sufficient authority.

Defendants move the Court to admit Williams' current felony conviction for Possession of Forged Instruments or Bills under Rule 609(a)(1) of the Federal Rules of Evidence. (ECF No. 30.) Certain felonies are admissible to impeach, subject to Rule 403. FED. R. EVID. 609(A)(1). Rule 403 allows the court to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. Defendants do not make any arguments regarding this conviction's probative value. As proponents of this evidence, Defendants fail to carry their burden.

Defendants also seek to admit Williams' 2005 robbery conviction under Rule 609(b) to confirm his potential for violence. (ECF No. 30.) A conviction more than ten years old is not admissible as impeachment evidence "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its

prejudicial effect." Fed. R. Evid. 609(b). Given this standard, stale convictions will be admitted "very rarely and only in exceptional circumstances . . . ." *Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008). Here Defendants fail to identify specific facts and circumstances that would substantially outweigh the prejudicial effect of a 17-year-old conviction for robbery, which has no apparent probative value on whether the officers used excessive force in the incident at issue. On this record, the Court finds that evidence of Williams' robbery conviction is not admissible through Rule 609(b)(1).

Defendants move to admit six misdemeanor convictions for petit larceny, obstructing and resisting an officer, and contempt of court. (ECF No. 30.) Rule 609(a)(2) provides for the admission of non-felony convictions if "the court can readily determine that establishing the elements of the crime required proving-- or the witness's admitting--a dishonest act or false statement." FED. R. EVID. 609(a)(2). None of these convictions appear to fall within the purview of Rule 609(a)(2). "Generally, crimes of violence, theft crimes, and crimes of stealth do not involve dishonesty or false statement within the meaning of Rule 609(a)(2)." *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982); *United States v. Ortega*, 561 F.2d 803, 807 (9th Cir. 1977). Misdemeanor convictions for resisting arrest are also generally inadmissible under Rule 609(a)(2). *See Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997). Three of the six convictions are older than ten years, making them admissible only if they both satisfy Rule 609(a)(2) (non-felony convictions involving dishonesty) and Rule 609(b)(1) (convictions more than ten years old). Because defendants have not met that burden, the motion is denied without prejudice.

The Court also denies Defendants' motion to admit Plaintiff's three battery convictions (ECF No. 36) because Defendants' fail to argue separate theories of admissibility with respect to each conviction. Defendants seek to admit three prior battery convictions to show that Williams was a threat, to impeach Williams

1    and to prove that Williams had an intent and plan to batter Defendants. If
2    Defendants elect to renew their motion they should identify, as to each conviction,
3    a permissible non-propensity purpose and articulate the relationship between the
4    conviction and a specific material issue in the case. The Court is unable to grant
5    Defendants' motion on this record and based on the arguments of counsel.

### VI.     Objections

The Court overrules Plaintiff's objections (ECF No. 83; 92) to Judge Denney's Order (ECF No. 82) denying his motion to strike (ECF No. 77). In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate judge's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's decision is clearly erroneous or contrary to law "when he makes an error of law, when he rests [a] decision on clearly erroneous findings of fact, or when [the Court is] left with a definite and firm conviction that he committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (quotation omitted).

Plaintiff moved to strike Reza's second motion for summary judgment (ECF No. 74) because Reza's first motion for summary judgment was denied and moved to strike Exhibit 1 to Reza's second motion for summary judgment (ECF No. 74-1) because those documents are irrelevant. Judge Denney found that there was an insufficient basis to strike either the motion or the exhibit. Reza's second motion for summary judgment was proper because it addressed the merits of Plaintiff's claim against her. Judge Denney also found that there was no basis to strike Exhibit 1 to the motion, Plaintiff's initiating documents, and Plaintiff could instead dispute the relevance of the document in his response to Reza's motion. (ECF No. 82.)

The Court cannot conclude under any standard of review that Judge Denney's Order was factually or legally deficient. The Court thus overrules Plaintiff's objections.

IT IS THEREFORE ORDERED that Defendants' motions in limine (ECF Nos. 30; 36) are DENIED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Defendants' motions for summary judgment (ECF Nos. 43; 71; 74) are DENIED;

IT IS FURTHER ORDERED that the Court will allow Defendant Santos 30 days from the date of this Order to file an appropriate substantive motion if it has a clear basis for asserting a lack of liability on a failure to intervene theory;

IT IS FURTHER ORDERED that Plaintiff's objections (ECF Nos. 83; 92) are OVERRULED.

IT IS FURTHER ORDERED that the R&Rs (ECF Nos. 99; 112; 113) are ADOPTED IN FULL.

DATED THIS 20th day of December 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE